UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **BILLY R. HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CASE NO.  7:12-CV-3747-SLB |
| | ) |
| **CHIP GRIFFITH AND DIANE GRIFFITH, individually and doing business as Hillcrest Landscape & Lawn Care,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Settlement.  (Doc. 8.)  For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

[T]he FLSA's are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment.  *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements

may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have not submitted their settlement agreement to the court. However, they submitted the terms of the settlement as follows:

    b.    Defendants shall pay Billy R. Harris aggregate gross settlement proceeds of $2,000.00 by paying to him one $1,000.00 payment, denominated as wages, less the deduction of any taxes and any amounts required by law to be withheld from that check, and a second payment of $1,000.00 as liquidated damages from which there will be no amounts withheld.

    c.    Defendants shall pay Plaintiff's counsel, for attorney's fees and costs this action, the collective total amount of $1,000.00;

    d.    Plaintiff shall acknowledge [his] individual consent to this settlement and shall waive and release all claims against Defendants in writing;

    e.    Neither the payments herein nor the Order Approving Settlement shall constitute or shall heretofore be represented as an admission, finding, conclusion or judgment of an FLSA violation on behalf of the Defendants or liability to the Plaintiffs, or any other violation or liability whatsoever,

> including liability for liquidated damages, as a primary motivation for Defendants agreement to a resolution of this matter was to avoid the uncertainty and additional expense of continued litigation . . . .

(Doc. 8 ¶ 3.) The court notes that defendants have a Motion to Dismiss pending, which argues that Plaintiff's Complaint does not allege sufficient facts to state a claim for relief pursuant to the FLSA. (*See generally* doc. 4.)

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his backpay, if any. Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion for Approval of Settlement, (doc. 8), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 16th day of April, 2013.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE